**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| DELAINA BARNEY<br><br>    Appellant<br><br>-vs-<br><br>AKRON BOARD OF EDUCATION<br><br>    Appellee. | CASE NO. 5:16-CV-00112<br><br>JUDGE BENITA Y. PEARSON<br><br>**MEMORANDUM IN OPPOSITION TO APPELLANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE AN AMENDED COMPLAINT AND JOIN ADDITIONAL PARTIES AND CLAIMS** |

Appellee, Akron Board of Education opposes Appellant's Motion for Enlargement of Time to File an Amended Complaint and Join Additional Parties and Claims and requests the Court deny the motion. (Doc # 11).

**Appellant's R.C. 119.12 Appeal**

Following the State Level Review Officer's decision, issued on November 9, 2015, in favor of Appellee Akron Board of Education, on December 23, 2015, Appellants filed their Notice of Appeal in the Court of Common Pleas, pursuant to R.C. §119.12 and R.C. §3323.05(H). (Doc #1-1).

In an administrative appeal under R.C. §119.12 and R.C. §3323.05(H), the appeal is limited and consists only of consideration of the record as certified to the court by the agency, the briefs and oral arguments of counsel, and, if the court has granted a request for it, newly discovered evidence that was not available prior to the underlying administrative hearing. In the absence of a

1

request by the appellant to present new evidence, a hearing upon the transcript of the proceedings and testimony before the board, the original papers and the briefs and arguments of counsel, is the full and complete hearing.  *City Products Corp v Bd of Liquor Control*, 79 Abs 481, 156 NE (2d) 347 (App, Franklin 1958).) *City Products Corp. v. Board of Liquor Control* (Franklin 1958) 106 Ohio App. 494, 153 N.E.2d 153, 78 Ohio Law Abs. 466, 7 O.O.2d 225.  An admission of additional evidence in such an appeal may be considered, with the Court's permission, when such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the administrative hearing.  *In re Topper* (Crawford 1959) 109 Ohio App. 289, 165 N.E.2d 19, 11 O.O.2d 49.  In the case at bar, Appellant merely appealed the SLRO ruling in accordance with R.C. §119.12 and R.C. §3323.05(H)

**Appeals of IDEA Administrative Decisions in Federal Court**

Removal of this action to federal court, has not transformed the nature of this proceeding. It remains an administrative appeal based upon an administrative record.

Pursuant to the IDEA, once an aggrieved party has exhausted administrative remedies, the party may bring suit in the federal district court pursuant to 20 U.S.C. 1415(i)(2)(A).  Upon appeal, the district court:

(i)    Shall receive the records of the administrative proceedings;

(ii)   Shall hear additional evidence at the request of a party; and

(iii)  Basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

The burden of proof or persuasion in an IDEA administrative appeal is on the party looking to overturn the SLRO's decision.  *Schaffer v. Weast*, 546 U.S. 49, 126 S.Ct. 528, 535 (2005).

When reviewing cases under the IDEA, courts must determine (1) whether the school district has complied with the procedural requirements of the IDEA, and (2) whether the IEP is reasonably calculated to enable the child to receive educational benefits. *Thomas v. Cincinnati Bd. Of Educ.*, 918 F.2d 618, 624 (6th Cir.1990). Federal courts employ a "modified de novo review" on an IDEA appeal wherein the court performs a "de novo review of the due process hearing," but gives the "findings of the state administrative proceedings… due weight." *Hupp v. Switzerland of Ohio Local Sch. Dist.,* 912 F. Supp. 2d 572 (S.D. Ohio 2012).

While a district court's authority to hear additional evidence under 1415(i) is broad, additional evidence may be used only to rule upon those issues first presented in the state administrative proceedings. *Metropolitan Bd. Of Educ. Of Nashville v. Guest*, 193 F.3d 457, 463 (6th Cir. 1999). A district court should <u>not</u> permit the new evidence to change the character of the hearing from one of *de novo* review to a new proceeding. *Metropolitan Bd. Of Educ. Of Nashville*, v. *Bellamy*, 116 Fed. Appx. 570, 576 (6th Cir.2004). For example, in *Guest*, the Sixth Circuit held that the district court had erred to the extent it used additional evidence to adjudicate issues not before the administrative law judge when he issued his opinion. 193 F.3d at 463.

The Sixth Circuit stated that the parents "should have been required to seek an impartial due process hearing [on those issues] before bringing those issues before the district court." *Id*. In *Bellamy*, 116 Fed. Appx. At 577-79, the Sixth Circuit explained that when analyzing whether to permit new evidence, the district court should "weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Id*. at 576.

**Appellant's Request to Add New Claims and New Parties is in Bad Faith with a Dilatory Motive.**

Notably, Appellant's legal team decided to initiate this motion to join additional parties and new claims after Appellee removed the appeal to federal court (Doc # 1) and filed its Complaint for Recovery of Fees under the IDEA in Case No. 5:16-cv-00188. (Doc # 1).

Appellant's request, at this juncture, to also "join additional parties" to their administrative appeal is another tactic used by the legal team made in retaliation for Appellee filing its separate Complaint for Recovery of Fees under the IDEA.

It is well settled that IDEA liability does not extend to individual school personnel. *Alston v. District of Columbia*, 561 F. Supp. 2d 29, 235 Ed. Law Rep. 250 (D.D.C. 2008); *L.M.P. ex rel. E.P. v. School Bd. of Broward County, Fla.*, 516 F. Supp. 2d 1305, 226 Ed. Law Rep. 784 (S.D. Fla. 2007); *P.N. v. Greco*, 282 F. Supp. 2d 221, 182 Ed. Law Rep. 101 (D.N.J. 2003); *S.W. by J.W. v. Warren,* 528 F. Supp. 2d 282, 228 Ed. Law Rep. 709 (S.D. N.Y. 2007); *Colon ex rel. Disen-Colon v. Colonial Intermediate Unit 20*, 443 F. Supp. 2d 659, 212 Ed. Law Rep. 674 (M.D. Pa. 2006); *Taylor v. Altoona Area School Dist.*, 513 F. Supp. 2d 540, 225 Ed. Law Rep. 778 (W.D. Pa. 2007).

The underlying record in this administrative appeal tells a very disreputable tale of various tactics used by Appellant's legal team to needlessly prolong this case through numerous irrelevant bad faith motions and days of irrelevant testimony. Now in federal court, Appellant's legal team is attempting to use these same tactics. The request is a bad faith tactic for the purpose of changing an administrative appeal based upon an administrative record into a new trial *de novo*.

Fed. R. Civ. P. 15(a)(2) allows the amendment of a pleading only with the other party's consent or with the court's leave. When interpreting this rule, the Supreme Court noted "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he

4

ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Like the Sixth Circuit, the Tenth Circuit has identified instances where a court should properly deny leave to amend a pleading where parties are essentially acting in bad faith. Examples include when a plaintiff is using Rule 15 to make the complaint "a moving target," *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir.1998); a plaintiff attempting to untimely present new theories of recovery in an attempt to "salvage a lost case" *Hayes v. Whitman,* 264 F.3d 1017, 1027 (10th Cir.2001), or to intentionally delay raising an issue for the purpose of surprising the defendant with it on the 'eve of trial,' *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir.1995). A general review of the objective record in this case demonstrates that Appellant's legal team has consistently made their issues at the administrative levels "a moving target" and now is merely attempting to do the same in order to "salvage a lost case."

Since Appellant's legal team is essentially *appealing everything*, then this court is charged with reviewing the administrative record as it pertains to the issues contained in the initial due process complaint, attached hereto as Exhibit 1 for the convenience of the court. Appellant's legal team is required to exhaust their administrative remedies on the issues already raised and decided and cannot bring forth "new claims" on appeal. Furthermore, Appellant's legal team's request to add "additional parties" suggest that they want to add individuals to this case, which would

5

transform this case into a different type of action. Appellant's request has no reasonable basis, is in bad faith, and should not be granted.[1]

**Appellant and her legal team has had complete access to all of the student's educational records since November, 2014 – but only chose to exercise this right in May/April of 2016.**

The United States Supreme Court recently reaffirmed the applicability of the "plain meaning" rule of statutory construction in the context of the Individuals with Disabilities Education Act:

> We have "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut National Bank v. Germain*, 503 U.S. 249, 253–254 (1992). "When the statutory language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Insurance Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989), in turn quoting *Caminette v. United States*, 242 U.S. 470, 485 (1917); internal quotation marks omitted).

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 126 S. Ct. 2455, 2459 (2006).

The relevant statutory provision governing disposition of the issue of access to educational records requires state and local agencies that receive financial assistance under authority of the IDEA to "establish and maintain procedures in accordance with this section . . . ." 20 U.S.C. § 1415(a). Among the types of procedures required is "[a]n opportunity for the parents of a child

---

[1] One example of the legal team's tactics is their response to this Court's March 30, 2016 order requiring Board's counsel to provide the release forms, which occurred on April 4, 2016, and for the legal team to return the signed medical release forms directly to the Board's counsel "forthwith." The legal team ignored the order and never provided the Board's counsel with the signed releases. Unfortunately, by the time it was discovered that the signed release forms were dropped off at the school on or about April 29, 2016 with a parent signature dated April 27, 2016 it was too late for the school to communicate with the doctors with regards to various tests that had been conducted, tests that were now invalid due to duplication, etc. Had the legal team complied with this Court's directive, forthwith, the school could have been able to promptly cooperate and communicate with the doctors about the duplicative testing before the fact. Now the child has been subjected to hours of testing that are now invalid, simply because the release forms were not provided forthwith in accordance with this Court's directive.

with a disability to examine all records relating to such child . . . ." 20 U.S.C. § 1415(b)(1) (emphasis supplied).[2]

It is truly unfortunate that Appellant's legal team elected from the beginning of this due process hearing to make repeated attempts to manufacture an argument of lack of access to educational records in this due process proceeding instead of focusing on the merits in their case. Despite the fact that the District <u>never</u> denied them access and in fact <u>did</u> provide them "copies" of the educational records, as well as a printed exhibit book containing the educational records prior to the initial due process hearing, Appellant's legal team chose instead another tactic to simply continue to bombard the IHO and again later, the SLRO on appeal with accusations that the District did not provide them with all the educational records. A copy of the most recent SLRO ruling with regards to the legal team's motion to compel records, *inter alia*, is attached as Exhibit 2. Appellant's legal team chose not to access the records themselves over the course of this entire due process hearing.[3] And, sadly, it appears Appellant's legal team is now, again, pursuing

---

[2] Since November of 2014, the Appellant and her legal team have had access to the student's educational records – and have even been provided copies of the records. The parent also has 24/7 access to all her student's records online through the Home Access Center (HAC) that could have been shared with her legal team. Throughout the underlying due process hearing and appeal, Appellant's legal team continuously made "blanket" statements that they did not have all the records. It is the burden of the individual claiming they were not provided a record to indicate what they feel they do not have. Both IDEA and FERPA provides a right to parents and their representatives to "access" – this enables them to physically review the records ask questions about certain records that cannot be copied and given out, i.e., protocols, tests, answer keys, etc. the procedure is that when "access" is requested the District ensures that a person is available to interpret these documents so the access is meaningful.

[3] It is worth noting that Jason Wallace has only recently spent several hours going through educational records, making a list of "records" he alleges were not provided. Interestingly, many of the records he claimed he did not have were actually in his own due process exhibit book and/or records that were provided directly by his client to the school. Jason Wallace is now at a breaking point (as reported by the two (2) psychologists who met with him three (3) times to review the Child Study file and other records) and has resorted to accusing the District with tampering with a child's records - even though no factual basis for the allegation exists. Allowing Appellant to pursue these fabricated claims through an amended complaint should be denied.

argument on educational record access that has no basis in fact and has been repeatedly addressed by both hearing officers in the underlying administrative proceedings.

WHEREFORE, Appellee, Akron Board of Education, requests the Court deny Appellant's request for enlargement of time to add new claims and additional parties to this administrative appeal.

Respectfully submitted,

s\*Rhonda Porter*
Rhonda Porter (0076885)
General Counsel
Akron Board of Education
70 North Broadway
Akron, Ohio  44308-1999
Telephone:  330-761-2912
Facsimile:  330-761-3295
Email:  rporter@akron.k12.oh.us

Counsel for Appellee, Akron Board of Education

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2016, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Jason Wallace
Daniel Bache
Wallace & Bache, LLC
270 S. Cleveland Massillon Road
Fairlawn, Ohio 44333

s\ *Rhonda Porter*
Rhonda Porter

8