PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DELAINA BARNEY,[1]                        )
                                          )      CASE NO.  5:16CV0112
                      Appellant,          )
                                          )      JUDGE BENITA Y. PEARSON
            v.                            )
                                          )
AKRON BOARD OF EDUCATION,                 )      **MEMORANDUM OF OPINION**
                                          )      **AND ORDER**
                      Appellee.           )      [Resolving ECF Nos. 40 and 49]


        Pending is Appellee Akron Board of Education's Motion for Attorney Fees and Costs

(ECF No. 40) pursuant to Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920, and 20 U.S.C. §

1415(i)(3)(B)(i)(II-III), filed on October 23, 2017.  Movant requests attorneys' fees for 183.75

hours of legal representation, plus $400 in costs,[2] incurred in the defense of the above-entitled

administrative appeal and related claims.  *See* Accounting of Fees and Costs (ECF No. 40-2) and

Reply Memorandum (ECF No. 46) at PageID #: 1386.  The Court has been advised, having

reviewed the record, the parties' briefs, and the applicable law.[3]  For the reasons set forth below,

---

        [1]  Appellant Delaina Barney is the parent of J.B., a minor child with a disability that
attends Akron Public Schools.  On June 21, 2017, the parents lost custody of J.B. to his maternal
grandparents.  *See* Custody Journal Entry (ECF No. 46-1).

        [2]  The only cost is the $400.00 filing fee for removing the case to this Court pursuant to
28 U.S.C. §§ 1441 and 1446.  Appellant and her attorneys (Jason D. Wallace and Daniel R.
Bache) are not contesting the costs.

        [3]  Neither party has requested an evidentiary hearing with respect to the question of
reasonable attorneys' fees.

(5:16CV0112)

the motion is granted.

On September 22, 2017, the Court issued a Memorandum of Opinion and Order (ECF No. 36) granting Appellee's motion for judgment on the administrative record and entered final judgment (ECF No. 37) in favor of Appellee on all claims. On October 23, 2017, Appellant appealed to the Court of Appeals for the Sixth Circuit. ECF No. 41. The appeal has been assigned Case No. 17-4116.[4]

Appellee seeks attorneys' fees and costs against Appellant and her attorneys pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482, which provides, in relevant part:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
> \* \* \*
> (II) to a prevailing party who is a State educational agency or local educational agency *against the attorney of a parent* who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or *against the attorney of a parent* who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
> (III) to a prevailing State educational agency or local educational agency *against the attorney of a parent, or against the parent*, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. § 1415(i)(3)(B)(i) (emphasis added). Attorneys' fees and costs under IDEA's fee-shifting provision are allowable costs under 28 U.S.C. § 1920, the general statute governing

---

[4] *See White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982) (requests for attorney's fees are generally collateral to the merits). *See also Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 199-200 (1988) (merits decision final despite unresolved fee motion).

the taxation of costs in federal court. *Arlington Center School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297-98 (2006). As a prevailing party on defense of the merits of every issue in the case at bar, Appellee is entitled to attorneys' fees and costs against Appellant and her attorneys.

The Court has reviewed the Accounting of Fees and Costs (ECF No. 40-2). For the reasons that follow, the Court finds that the requested hourly rate ($290.00) and the number of hours actually expended on the case (183.75) are reasonable.

Attorneys Wallace and Bache, on behalf of Appellant, continued to litigate a meritless due process case by appealing to this Court. They then, purposely continued to elongate the proceedings for an improper purpose in a harassing manner for the purpose of causing unnecessary delay and to needlessly (or without concern for the needless) increase the cost of litigation. Rather than file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) adding claims under § 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act ("ADA"), and state law, instead Appellant filed a Motion for Enlargement of Time (ECF No. 11) on February 12, 2016 – the last day on which she could have filed an Amended Complaint as of right. The motion requested leave to join additional parties and new non-IDEA claims. In denying the motion, the Court wrote on July 20, 2016:

> First, the Board's counsel was ordered to immediately provide to Appellant's counsel authorizations for release of medical information forms. Thereafter, Appellant's counsel was to "*forthwith provide to . . . counsel [for the Board]* the releases executed by [Appellant], so [the Board] can receive the medical information it requires to complete the independent educational evaluation ("IEE")" (emphasis added). Minutes of Proceedings dated March 30, 2016. This was not done. Instead of Appellant's counsel doing as they were ordered, Appellant herself dropped off incomplete releases at J.B.'s school. . . .

Order (ECF No. 21) at PageID #: 212-13 (footnote omitted).

> Counsel for Appellant has complained throughout the underlying due process hearing and appeal that the Board did not produce to them many education records for J.B despite numerous requests and a legal obligation to do so. *See* 20 U.S.C. § 1415(b)(1). . . [O]nly Attorney Wallace appeared on April 5, 2016 to review records maintained by the Board relating to the student. And, while he spent three hours at the Student Services Department, the student's Child Study File was not reviewed. Arrangements were made for Attorney Wallace to return on May 5, 2016, but he did not appear. Moreover, the Board's attempt to timely complete the [re-evaluation] for J.B. was frustrated by counsel for Appellant not doing as they were ordered on March 30, 2016, that is, to "*forthwith provide to . . . counsel [for the Board]* the releases executed by [Appellant]". . . .

ECF No. 21 at PageID #: 214-15.

The Sixth Circuit has identified instances where a court should properly deny leave to amend a pleading where parties are essentially acting in bad faith. Examples include when a plaintiff is using Fed. R. Civ. P. 15 to make the complaint "a moving target," *Bowden v. American Home Mortg. Servicing, Inc.*, 512 Fed.Appx. 468, 470 (6th Cir. 2013), or a plaintiff is attempting to untimely present "new theories of recovery." *Lucas v. Schneider Nat. Carriers, Inc.*, Nos. 90-6569, 90-6570, 1992 WL 9027, at *5-6 (6th Cir. Jan. 22, 1992). The Court also wrote in its July 20, 2016 Order:

> The Court declines Appellant's invitation to convert this administrative appeal (supported by an administrative record) into a *de novo* proceeding. Based upon a well established record, it appears that Appellant's request for leave to join additional parties and new claims is born of counsel for Appellant's gameful approach to this litigation. They appear to want to move the target by lodging new allegations and claims, without appropriate factual, statutory, or case law support. The leave sought would unfairly prejudice the Board and unnecessarily further delay resolution of Appellant's claims and the Board's claim for attorneys' fees incurred in the administrative proceedings.

ECF No. 21 at PageID #: 215-16 (footnote omitted).

Appellant's Motion for Reconsideration Regarding Order Dated July 20, 2016 (ECF No. 23)[5] also caused unnecessary delay and needlessly increased the cost of litigating the within administrative appeal. Appellant contended "[t]he cover letter indicated that once the releases were executed, the Appellant could provide them to the Appellee's counsel or to Dr. Merkle himself." ECF No. 23 at PageID #: 229. But, the instructional letter from Dr. Merkle to Attorney Wallace states: "Once these are all completed, please either notify me or Attorney Rhonda Porter and we will be glad to retrieve these." ECF No. 23-7. Contrary to Appellant's contention, there was nothing in Dr. Merkle's letter that indicated Appellant could provide the executed releases to Dr. Merkle. Most importantly, Attorneys Wallace and Bache were ordered to "*forthwith provide to . . . counsel [for the Board]* the releases executed by [Appellant]. Minutes of Proceedings dated March 30, 2016. In denying the motion after it was fully briefed,[6] the Court wrote on March 9, 2017:

> . . . The Court has reviewed Appellant's Motion for Reconsideration Regarding Order Dated July 20, 2016 (ECF No. 23) and finds she has not demonstrated any of the circumstances that would warrant altering the Court's prior Order (ECF No. 21). Although Appellant makes some additional arguments in her motion for reconsideration which were not included in the reply memorandum in support (ECF No. 19) of her motion for enlargement of time, the motion for

---

[5] ECF No. 23 was filed under seal. ECF No. 24 is a redacted version of the motion.

[6] *See* ECF No. 40-2 at PageID #: 1242-43. *See American Trim, L.L.C. v. Oracle Corp.,* 230 F. Supp.2d 803, 804 (N.D. Ohio 2002) (Carr, J.) ("It is time that lawyers who file unfounded motions for reconsideration, which is all this motion really is, and renew objections to rulings that have been preceded by consideration of the arguments they simply repeat in support of motions to reconsider, come to understand that there will be a cost to their doing so. A party that prevails on rulings should not have to invest resources in having those rulings reconfirmed.").

> reconsideration does not alter the Court's conclusion that Appellant will not be
> allowed to add new claims to the within administrative appeal.

Order (ECF No. 35) at PageID #: 1188 (footnote omitted).

Finally, Appellant's Amended Brief in Support of Administrative Appeal (ECF No. 31)[7]
and Response to Appellee's Motion for Judgment on the Administrative Record (ECF No. 33)
set forth arguments about extended school year ("ESY") services, bullying, and least restrictive
environment ("LRE") that lacked merit.  The burden is on the appellant to show that ESY
services are "necessary to avoid regression so severe that the child would not be able to catch up
during the following school year." *Bd. of Educ. of Fayette Cty., Ky. v. L.M.*, 478 F.3d 307, 315
(6th Cir. 2007) (citing *Cordrey v. Euckert*, 917 F.2d 1460, 1473 (6th Cir. 1990)).  Appellant,
however, did not show that ESY services would have been necessary for J.B. to avoid severe
regression.  She failed to show that J.B. was experiencing regression or that ESY services were
necessary for him to benefit under his IEP.  J.B. was making progress on his annual goals, not
regressing.  Tr. 377.  The IEP team discussed ESY services and determined they were not
necessary at the time.  Tr. 323-24, 303-304.  *See* ECF No. 36 at PageID #: 1220.

Appellant and her attorneys also argued Appellee did not prevent bullying of J.B.
However, Appellant completed a parent's questionnaire that specifically asked about bullying
and she did not indicate any concerns.  She also never reported any bullying to the principal at
Crouse Elementary.  Tr. 88, 930-31.  In addition, the record shows that J.B. was a bully while in
first grade at Voris.  Both the State Level Review Officer ("SLRO") and Impartial Hearing

---

[7] ECF No. 31 was filed under seal.

Officer ("IHO") did not find the mother's testimony credible in regards to this issue. *See, e.g.*, Final Decision and Order of the SLRO (ECF No. 1-2) at PageID #: 36. The Court should defer to the IHO on credibility assessments, as they are best situated to make those determinations. *Maple Heights City Sch. Bd. of Educ. v. A.C. Individually and on behalf of A.W.*, No. 1:14CV1033, 2016 WL 3475020, at *5 (N.D. Ohio June 27, 2016) (Boyko, J.). *See* ECF No. 36 at PageID #: 1219.

According to Appellant and her attorneys, J.B. was not educated in the LRE. The IHO granted a directed verdict on this claim and denied a motion for reconsideration. The record shows Appellee developed an individualized education plan ("IEP") that would allow J.B. to spend between 40-80% of his time with his non-handicapped peers. Board Ex. 11. "[D]ue weight" should be given to the SLRO and IHO regarding decisions of what qualifies as an appropriate LRE for J.B., based on his evaluation team report ("ETR") and disabilities. *Roncker ex rel. Roncker v. Walter*, 700 F.2d 1058, 1062 (6th Cir. 1983); *see Burilovich v. Bd. of Educ. of Lincoln Consol. Sch.*, 208 F.3d 560, 567 (6th Cir. 2000). The decision of the SLRO and IHO should be given greater weight for determining an LRE. Both the SLRO and IHO possess education expertise to determine what qualifies as an appropriate LRE, and their education expertise is relevant to the decision. *Burilovich*, 208 F.3d at 567 ("[S]tate and local educational agencies are deemed to possess expertise in education policy and practice."). Hearing officers' possess special knowledge about the provisions of the IDEA, as well as federal and state interpretations of the Act. Ohio Rev. Code § 3323.05(G)(1)(c). Both the SLRO and IHO found J.B. was educated in the LRE and that Appellant failed to meet her burden of proof to show that

the Board had improperly segregated him.  ECF No.1-2 at PageID #: 46; ECF No. 1-4 at PageID #: 79-80.

J.B. was not impermissibly segregated from his non-disabled peers.  He spent most of the day with his non-disabled peers.  Board Ex. 11.  J.B. was only asked to eat breakfast with the intervention specialist on one occasion when there was a fear that he would have an allergic reaction.  Tr. 275, 397.  Before removing J.B. from the classroom, the intervention specialist obtained permission from J.B.'s grandfather.  Tr. 273, 309.  J.B. also eats lunch in the cafeteria with his peers, where proper precautions are taken to make sure he will not have an allergic reaction.  Tr. 682, 925.  *See* ECF No. 36 at PageID #: 1217-19.

## II.

The Supreme Court has indicated that the courts are to calculate attorney fees under the "lodestar" method.  *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (*Delaware Valley I*).[8]  Under this methodology the number of hours reasonably expended by the attorney are multiplied by the attorney's reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014).  There is a "strong presumption" that the figure so calculated represents a reasonable fee.  *Delaware Valley I*, 478 U.S. at 565.  The lodestar, however, must be based on the "prevailing market rates in the relevant community."  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

---

[8]  In rare and exceptional circumstances, the lodestar amount may be enhanced for superior attorney performance.  *See Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010).  Appellee does not seek an enhanced fee award.

While the burden of persuasion is on the fee applicant to document the hours and rates in the lodestar amount, *Hensley*, 461 U.S. at 437, the burden of production to challenge the reasonableness of the requested fee is on a party seeking an adjustment of that amount—Appellant in the case at bar, *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990).

In ECF No. 40-2, Appellee itemizes the hours expended and rate requested. Also see Affidavit of Rhonda Porter (ECF No. 40-1). This breakdown of fees provides a date, a description of the activity, the amount of time expended, and the total amount owed for that activity. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway.*, 46 F.3d 1392, 1402 (6th Cir. 1995).

## A. Hourly Rate

A reasonable hourly rate is usually the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. *Geir v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). The IDEA expressly states that attorney fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). "A district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 Fed.Appx. 496, 499 (6th Cir. 2011).

The Court has looked at the hourly billing rates recently found by Ohio courts to be

reasonable in similar cases for attorneys with similar experience.[9]  In *Doe v. Ohio*, No. 2:91-cv-464, 2010 WL 2854106 (S.D. Ohio July 19, 2010), the court found hourly rates between $170 and $300 per hour to be reasonable for each of Plaintiffs' six attorneys in a class-action lawsuit involving claims under the IDEA.  In *Winkelman v. Parma City Sch. Dist.*, No. 1:08CV2135, 2009 WL 1444441 (N.D. Ohio May 22, 2009), another IDEA case, United States District Judge Donald C. Nugent concluded that reasonable hourly rates were between $200 for a senior associate and $275 per hour for a first chair litigator of special education matters who has more than 10 years of experience.  *Id.* at 5.

Appellee also relies upon a report from the Ohio State Bar Association entitled *The Economics of Law Practice in Ohio in 2013, A Desktop Reference*, https://www.ohiobar.org/NewsAndPublications/SpecialReports/Pages/SpecialReports.aspx (last visited Aug. 3, 2018).  This published market survey uses billing data from 2012, as a resource to measure the hourly rates in question from the standpoint of the market.  *See Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 n. 6 (6th Cir. 2007) (using a prior Ohio State Bar Association survey as "a point of reference").  The OSBA Survey states that the 2013 median hourly rate for attorneys in Northeast Ohio (which includes Akron) is $180 and the 95th percentile is $300.  The median hourly rate for attorneys in Akron is $200 and $390 at the 95th percentile.  The median hourly rate for attorneys with 11 to 15 years in practice is $200 and $275 at the 75th percentile.  *Id.* at page 39.  Finally, the median billing rate for education law litigation in 2013 was $240 per

---

[9] *Glover v. Johnson*, 934 F.2d 703, 716 (6th Cir. 1991), suggests that third-party affidavits should be submitted to establish the prevailing market rate.  Neither party in the case at bar, however, has filed any third-party affidavits.

(5:16CV0112)

hour. *Id.* at 40;[10] *see also Mosley v. City of Wickliffe*, No. 1:14CV0934, 2017 WL 521102, at *3 (N.D. Ohio Feb. 8, 2017) (Gwin, J.) ("According to the Ohio State Bar Association, the median billing rate for civil rights litigation in 2013 was $350 per hour.").

Appellee's General Counsel has practiced in the area of school law/civil rights law since 2003 (both on the employment and student side). *See* ECF No. 40-1. After independently reviewing the hourly rate of $290, the Court concludes that figure is reasonable and consistent with the prevailing market rate for an attorney with Attorney Porter's skill, experience, and reputation in the Northern District of Ohio.

### B. Reasonableness of the Number of Hours Expended

Appellant declares that: Appellee fails to use any specificity on ECF No. 40-2; double bills for tasks; uses block-billing; does not list the attorney or person handling the action; sometimes lists times the activity was done; never indicates if the actions were necessarily rendered; has some clearly excessive or unneeded hours for some tasks;[11] sporadically has single block entries that span multiple days; one entry is incorrect as it reads it was entered "9/21/2017 - 9/26/2016"; and another entry states 8/19/16 - 8/20/16, but the time is 3:00 a.m. - 6:00 a.m. on the same day. *See* Memorandum in Opposition (ECF No. 45) at PageID #: 1352.

Appellant's complaints about block-billing are not developed and unfounded. The Court

---

[10] The OSBA survey includes only 7 responses for the education law hourly billing rates —a very small number of the relevant lawyers.

[11] While the attorneys for Appellant identify the dates of the entries, they do not provide a detailed, specific explanation of why a particular item of services rendered was clearly excessive or not reasonably expended.

of Appeals for the Sixth Circuit has held block billing "can be sufficient" if the description of the work performed is adequate. *Smith v. Serv. Master Corp.*, 592 Fed.Appx. 363, 371 (6th Cir. 2014); *see also Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 273 (6th Cir. 2007) (Moore, J., concurring in part and dissenting in part) ("[Plaintiff] has cited no authority to support its argument that the use of block billing is contrary to the award of a reasonable attorney fee . . . and, in fact, our sister circuits have rejected block-billing objections to fee awards in a number of contexts."). The Court finds the descriptions of the work performed by Attorney Porter to be more than adequate in the context of this litigation.

An attorneys' fee award based upon 183.75 hours is reasonable in the case at bar.

### B. Inability to Pay

Next, the Court considers the information proffered by Attorneys Wallace and Bache regarding their, as well as Appellant's, inability to pay the award of fees in properly determining the size of the attorneys' fee award. Affidavits of Daniel R. Bache, Esq. (ECF No.45-4) and Jason D. Wallace (ECF No. 45-5) and Motion to Supplement Affidavit of Jason D. Wallace (ECF No. 49). In *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 646 (6th Cir. 2009), the Sixth Circuit discussed the losing plaintiffs' inability to pay in a civil rights action. *Id. at 642-43*. The party against whom sanctions are being sought has the burden to prove his or her inability to pay. *See Seaton-El v. Toombs*, No. 95-1405, 1995 WL 723195, at *1 (6th Cir. 1995) ("Seaton-El [the sanctioned plaintiff] attempted to meet *his* burden of showing that he could not pay the costs that were demanded by filing a timely response to the defendants' motion, in which

he repeatedly asserted that he could not afford to pay the award.") (emphasis added); *Colton v. Memorial Drive Trust*, No. 92-1006, 1993 WL 29663, at *4 (6th Cir. 1993) ("Although ability to pay must be considered by a district court . . . [,] inability to pay should be treated like an affirmative defense, with the burden upon the party being sanctioned to come forward with evidence of their financial status.") (quoting *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America*, 935 F.2d 1152, 1160 (10th Cir.1991)).

On behalf of Appellant, Attorney Bache attests:

14. That Appellant sought out Affiant due to her indigency and inability to retain counsel;
15. That Appellant's children qualify for free lunches at Akron Public Schools;
16. That Appellant has informed Affiant she had limited resources through the pendency of this matter;
17. That Appellant has never paid Affiant fees;
18. That Appellant has moved multiple times during the pendency of this action due to inability to pay rent as well as other factors[;]
19. That Affiant believes Appellant to qualify as indigent.

ECF No. 45-4. On behalf of Appellant, Attorney Wallace also attests:

4. Affiant has never been paid for his services in connection with any Barney matter.
5. Affiant knows Ms. Barney is indigent, is not working, and has been homeless recently.
6. Affiant believes Ms. Barney would be subjected to financial ruin and extreme hardship if faced with an award for costs and fees.

\* \* \*

Attorney Wallace states that he has withdrawn from every case he is not personally involved in and he is otherwise not working in any capacity, nor is he able to do so due to his

chronic health condition.[12]  In addition, he has poor credit, no assets, no automobile, is struggling

to pay his current obligations, and was recently approved for Social Security Disability Insurance

Benefits.  ECF No. 49 (citing Affidavit of Jason Wallace (ECF No. 97-4) filed in *Nordonia Hills*

*City Schools District v. Wallace*, No. 5:16CV1973 (N.D. Ohio June 25, 2018) (Adams, J.) and

Social Security Administration Benefit Verification Letter (ECF No. 49-1).

      Finally, Attorney Bache attests:

6.      That Affiant is unable to pay the fees sought in Doc #: 40;
7.      That Affiant suffers disabilities substantially limiting his income, including but not limited to:
      a.  Fore-quarter Amputation of the left arm;
      b.  Physical and Mental Impairments;
8.      That Affiant's disabilities hamper his ability to make income and to pay;
9.      That Affiant is self-employed;
10.     That after expenses, Affiant's net income is at or below one hundred twenty-five per cent (125%) of the federal poverty level;
11.     That Affiant currently has no unleveraged assets or liquid assets;
12.     That Affiant has numerous other actions against him from School Districts seeking fees;
13.     That should Affiant be forced to pay Attorney Fees in these matters, Affiant will have no choice but to declare bankruptcy.
        *  *  *  *

ECF No. 45-4.

---

[12]  Attorney Wallace attests:

     13.     Affiant is currently a disabled person pursuant to the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 due to a disease he was diagnosed with in his early 30's that now manifests itself as a physical or mental impairment which substantially limits one or more major life activities.

     14.     There is no cure for Affiant's disease.
        *  *  *

ECF No. 45-5 at PageID #: 1369.

**IV.**

Accordingly, Appellee's Motion for Attorney Fees and Costs (ECF No. 40) and

Appellant's Motion to Supplement Affidavit of Jason Wallace (ECF No. 49) are granted. Thus,

the attorneys' fee award against Appellant, Jason D. Wallace, and Daniel R. Bache is Fifty-three

Thousand Two Hundred Eighty-seven and 50/100 Dollars ($53,287.50) (183.75 hours x

$290/hour). Furthermore, the Court orders that Appellee be reimbursed by Appellant, Jason D.

Wallace, and Daniel R. Bache for $400 in costs.

Given what is offered in ECF Nos. 45-4, 45-5, and 49, the Court is inclined to find partial

inability to pay and to lower the liability for attorneys' fees of Attorneys Wallace and Bache, as

well as Appellant. In order to provide a "clear and concise explanation of its reasons for the fee

award," *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quoting *Hadix v.*

*Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)), the Court requires that Appellant, Attorney Wallace,

and Attorney Bache each to complete either the CJA 23 Financial Affidavit or Financial

Statement of Debtor from the U.S. Department of Justice (OMB-500) as additional information

for the Court to consider in support of their affirmative defense of inability to pay.[13] The

completed financial statements shall be filed on or before August 17, 2018.

The Clerk of Court shall issue a copy of this Memorandum of Opinion and Order to

Daniel R. Bache, Esq. at Dan@GetHelpOhio.com. Local Rule 5.1(c) requires that attorneys

receive all documents electronically. Attorney Bache, however, is not receiving documents

---

[13] Copies of both forms are affixed to this ruling.

(5:16CV0112)

electronically.  Therefore, he shall forthwith set-up his user account to receive e-mail notification

for the case at bar and shall check his e-mail box on a regular basis.


      IT IS SO ORDERED.


  August 10, 2018                                 */s/ Benita Y. Pearson*          
Date                                      Benita Y. Pearson
                                          United States District Judge

| CJA 23<br>(Rev. 11/11) | # FINANCIAL AFFIDAVIT<br>IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE |
|---|---|

**IN THE UNITED STATES**  ☐ DISTRICT COURT   ☐ COURT OF APPEALS   ☐ OTHER *(Specify below)*

IN THE CASE OF

_____ v. _____

FOR _____

AT _____

**LOCATION NUMBER**

PERSON REPRESENTED *(Show your full name)*

| | |
|---|---|
| 1 ☐ | Defendant - Adult |
| 2 ☐ | Defendant - Juvenile |
| 3 ☐ | Appellant |
| 4 ☐ | Probation Violator |
| 5 ☐ | Supervised Release Violator |
| 5 ☐ | Habeas Petitioner |
| 7 ☐ | 2255 Petitioner |
| 8 ☐ | Material Witness |
| 9 ☐ | Other *(Specify)* |

**DOCKET NUMBERS**

Magistrate Judge

District Court

Court of Appeals

CHARGE/OFFENSE *(describe if applicable & check box →)*   ☐ Felony   ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOY-MENT**

Are you now employed?   ☐ Yes   ☐ No   ☐ Self-Employed

Name and address of employer: _____

**IF YES,** how much do you earn per month? $ _____   **IF NO,** give month and year of last employment? _____  How much did you earn per month? $ _____

If married, is your spouse employed?   ☐ Yes   ☐ No

**IF YES,** how much does your spouse earn per month? $ _____   If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources?   ☐ Yes   ☐ No

|  | RECEIVED | SOURCES |
|---|---|---|
| **IF YES,** give the amount received and identify the sources | $ _____<br>$ _____ | _____<br>_____ |

**CASH**

Do you have any cash on hand or money in savings or checking accounts?  ☐ Yes   ☐ No   **IF YES,** total amount? $ _____

**PROP-ERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?   ☐ Yes   ☐ No

|  | VALUE | DESCRIPTION |
|---|---|---|
| **IF YES,** give value and description for each | $ _____<br>$ _____<br>$ _____<br>$ _____ | _____<br>_____<br>_____<br>_____ |

**OBLIGATIONS & DEBTS**

**DEPENDENTS**

MARITAL STATUS
_____ Single
_____ Married
_____ Widowed
_____ Separated or Divorced

Total No. of Dependents

List persons you actually support and your relationship to them
_____
_____
_____

**DEBTS & MONTHLY BILLS**
*(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |

I certify under penalty of perjury that the foregoing is true and correct.

_____
SIGNATURE OF DEFENDANT
*(OR PERSON REPRESENTED)*

_____
Date



U.S. Department of Justice
Financial Statement of Debtor
*(Submitted for Government Action on
Claims Due the United States)*
**NOTE:** Use additional sheets where space on this form
is insufficient or continue on back of last page.

**FINANCIAL STATEMENT OF DEBTOR**

Authority for the solicitation of the requested information is one or more of the following: 5 U.S.C. 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. 501, *et seq.*; 31 U.S.C. 951, *et seq.*; 44 U.S.C. 3101; 4 CFR 101, *et seq.*; 28 CFR 0.160, 0.171 and Appendix to Subpart Y.  Fed.R.Civ.P. 33(a), 28 U.S.C. 1651, 3201 *et seq.*

The principal purpose for gathering this information is to evaluate your ability to pay the Government's claim or judgment against you.  Routine uses of the information are established in the following U.S. Department of Justice Case File Systems published in Vol. 42 of the Federal Register; Justice/CIV-001 at page 5332; Justice/TAX-001 at page 15347; Justice/USA-005 at pages 53406-53407; Justice/USA-007 at pages 53408-53410; Justice/CRIM-016 at page 12274.  Disclosure of the information is voluntary.  If the requested information is not furnished, the U.S. Department of Justice has the right to such disclosure of the information by legal methods.

---

**Section 1**
**Personal**
**Information**

1. Full Name(s) _____

Street Address _____
City_____State_____ Zip_____
County of Residence_____
How long at this residence? _____

1a. Home Telephone: (____) _____
       Best Time to Call _____a.m. _____ p.m.
1b. Cellular Number: (____) _____
2. Marital Status:
☐Married          ☐Separated
☐Unmarried (single, divorced, widowed)

_____

3. Your Social Security No. (SSN) _____
4. Spouse's Social Security No. _____

3a. Your Date of Birth (mm/dd/yy)_____
4a. Spouse's Date of Birth (mm/dd/yy)_____

_____
_____
_____

5. ☐ Own Home ☐Rent  ☐Other (specify, i.e. share rent, live with relative)_____
_____
6. List the dependants you can claim on your tax return: (Attach sheet if more space is needed)

| First Name | Relationship | Age | Does this person live with you? | First Name | Relationship | Age | Does this person live with you? |
|---|---|---|---|---|---|---|---|
| | | | ☐No  ☐Yes | | | | ☐No  ☐Yes |
| | | | ☐No  ☐Yes | | | | ☐No  ☐Yes |

---

**Section 2**
**Your**
**Business**
**Information**

7. Are you or your spouse self-employed or operate a business? (Check "Yes" if either applies)
          ☐ No  ☐ Yes  If yes, provide the following information:
7a. Name of Business _____
7b. Street Address _____
City_____State_____ Zip_____

7c. Employer Identification No:_____
7d. Do you have employees?     ☐ No  ☐ Yes
7e. Do you have accounts receivable? ☐ No ☐ Yes
       If yes, please complete section 8 on page 5.

☞ **ATTACHMENTS REQUIRED**: Please provide proof of self-employment income for the **prior 3 months**
(e.g. invoices, commissions, sales records, income statement).

---

**Section 3**
**Employment**
**Information**

8. Your employer_____
Street Address _____
City_____State_____ Zip_____
Work telephone no. (____)_____
May we contact you at work? ☐ No        ☐ Yes
8a. How long with this employer? _____
8b. Occupation_____

9. Spouse's Employer_____
Street Address _____
City_____State_____ Zip_____
Work telephone no. (____)_____
May we contact you at work? ☐ No        ☐ Yes
9a. How long with this employer?_____
9b. Occupation_____

☞ **ATTACHMENTS REQUIRED**: Please provide proof of gross earnings and deductions **for the past 3 months from each employer** (e.g. pay stubs,  earnings statements).  If year-to-date information is available, send only 1 such statement as long as a **minimum of 3 months** is represented.

**Section 4**
Other
Income
Information

10. Do you receive income from sources other than your own business or your employer? (Check all that apply.)

☐ Pension          ☐ Social Security          ☐ Other (specify, e.g. child support, alimony, rental)_____

☞ **ATTACHMENTS REQUIRED**: Please provide proof of pension/social security/other income for the past 3 months from each payor, including any statements showing deductions. If year-to-date information is available, send only 1 statement as long as **3 months** is represented.

**Section 5**
Banking,
Investment,
Cash, Credit
and Life
Insurance Information

11. **CHECKING ACCOUNTS.** List all checking accounts. (If you need additional space, attach a separate sheet.)

|      | Type of Account | Full name of Bank, Credit Union or Institution | Bank Account No. | Current Account Balance |
|------|-----------------|-----------------------------------------------|------------------|-------------------------|
| 11a. | Checking | Name_____ Address_____ City/State/Zip_____ | _____ | $_____ |
| 11b. | Checking | Name_____ Address_____ City/State/Zip_____ | _____ | $_____ |
| 11c. | Total Checking Accounts Balances | | | $_____ |

12. **OTHER ACCOUNTS.** List all accounts, including brokerage, savings and money market, not listed in 11.

|      | Type of Account | Full name of Bank, Credit Union or Institution | Bank Account No. | Current Account Balance |
|------|-----------------|-----------------------------------------------|------------------|-------------------------|
| 12a. | _____ | Name_____ Address_____ City/State/Zip_____ | _____ | $_____ |
| 12b. | _____ | Name_____ Address_____ City/State/Zip_____ | _____ | $_____ |
| 12c. | Total Other Account Balances | | | **$_____** |

☞ **ATTACHMENTS REQUIRED**: Please include your current bank statements (checking, savings, money market and brokerage accounts) for the past **3 months** for **all** accounts.

13. **INVESTMENTS.** List all investment assets below. Include stocks, bonds, mutual funds, stock options, certificates of deposits and retirement assets such as IRAs, Keogh and 401(k) plans.

|      | Name of Company | Number of Shares/Units | Current Value | Loan Amount (if any) | Used as collateral on loan? |
|------|-----------------|------------------------|---------------|----------------------|-----------------------------|
| 13a. | _____ | _____ | $_____ | $_____ | ☐ No   ☐ Yes |
| 13b. | _____ | _____ | $_____ | $_____ | ☐ No   ☐ Yes |
| 13c. | _____ | _____ | $_____ | $_____ | ☐ No   ☐ Yes |

13d. **Total Investments**   $_____

14. **CASH ON HAND.** Include any money that you have that is not in the bank.

14a. Total Cash on Hand   $_____

**Section 5**
continued

15. **AVAILABLE CREDIT**. List all lines of credit, including credit cards.  ( If you need additional space, attach a separate sheet.)

|  | Full Name of Credit Institution | Credit Limit | Amount Owed | Minimum Payment |
|---|---|---|---|---|

15a.    Name_____     _____     _____     $_____
        Address_____
        City/State/Zip_____

15b.    Name_____     _____     _____     $_____
        Address_____
        City/State/Zip_____

15c. **Total Minimum Payments     $_____**

16. **LIFE INSURANCE**.  Do you have life insurance with a cash value?      ☐ No    ☐ Yes
        (Term Life Insurance does not have a cash value.)
16a. Name of Insurance Company_____
16b. Policy Number(s)_____
16c. Owner of Policy_____
16d. Current Cash Value $_____     16e. Outstanding Loan Balance $_____

**Subtract "Outstanding Loan Balance: line 16e from "Current Cash Value" line 16d = 16f $_____**

☞ **ATTACHMENTS REQUIRED**: Please include a statement from the life insurance companies that includes type and cash/loan value amounts.  If currently borrowed against, include loan amount and date of loan.

**Section 6**
Other

17. **OTHER INFORMATION**.  Respond to the following questions related to your financial condition:
        (Attach a separate sheet if you need more space.)Information
17a. Do you have a safe deposit box? ☐ No ☐ Yes
        If yes, please include the name and address of location of box, the box number and the contents below:
        _____
        _____

17b. Do you have a will? ☐ No      ☐ Yes; if yes, where is it kept?_____
17c. Are there any garnishments against your wages? ☐ No    ☐ Yes
        If yes, who is the creditor?_____ Date of Judgment_____ Amount of debt $_____
17d. Are there any judgments against you? ☐ No    ☐ Yes
        If yes, who is the creditor?_____ Date of Judgment_____ Amount of debt $_____
17e. Are you a party to a lawsuit? ☐ No      ☐ Yes
        If yes, amount of suit $_____ Possible completion date_____ Court_____
        Subject matter of suit_____
17f. Did you ever file bankruptcy? ☐ No    ☐ Yes
        If yes, date filed_____ Date discharged _____
17g. In the past 10 years did you transfer any assets out of your name for less than their actual value?
        ☐ No ☐ Yes
        If yes, what asset?_____ Value of asset at time of transfer $_____
        When was it transferred?_____ To whom was it transferred?_____
17h. Do you anticipate any increase in household income in the next 2 years? ☐ No      ☐ Yes
        If yes, why will the income increase?_____ (Attach sheet if you need more space.)
        How much will it increase? _____
17i. Are you a beneficiary of a trust or an estate? ☐ No      ☐ Yes
        If yes, name of the trust or estate_____ Anticipated amount to be received $_____
        When will the amount be received?_____
17j. Are you a participant in a profit sharing plan? ☐ No      ☐ Yes
        If yes, name of plan_____ Value in plan $_____

**Section 7**
Assets and
Liabilities

**18. PURCHASED AUTOMOBILES, TRUCKS AND OTHER LICENSED ASSETS**. Include boats, RV's, motorcycles, trailers, etc.  (If you need additional space, attach a separate sheet.)

*Current
Value is
the amount
you could
sell the
asset for today

| | Description (year, make, model) | *Current Value | Current Loan Balance | Name of Lender | Purchase Date | Monthly Payment |
|---|---|---|---|---|---|---|
| 18a. | _____ | $_____ | $_____ | _____ | _____ | $_____ |
| | _____ | | | | | |
| | _____ | | | | | |
| 18b. | _____ | $_____ | $_____ | _____ | _____ | $_____ |
| | _____ | | | | | |
| | _____ | | | | | |

**LEASED AUTOMOBILES, TRUCKS AND OTHER LICENSED ASSETS**. Include boats, RV's, motorcycles, trailers, etc.  (If you need additional space, attach a separate sheet.)

| | Description (year, make, model) | Lease Balance | Name and Address of Lessor | Lease Date | Monthly Payment |
|---|---|---|---|---|---|
| 18c. | _____ | $_____ | _____ | _____ | $_____ |
| | _____ | | | | |
| | _____ | | | | |
| 18d. | _____ | $_____ | _____ | _____ | $_____ |
| | _____ | | | | |
| | _____ | | | | |

☞ **ATTACHMENTS REQUIRED**: Please include your current statement from lender with monthly car payment and current balance of the loan for each vehicle purchased or leased.

**20. REAL ESTATE**. List all real estate you own.  (If you need additional space, attach a separate sheet.)

| Street Address, City State, Zip, County Lender/Lien Holder | Date Purchased | Purchase Price | *Current Value | Loan Balance | Monthly Pymt |
|---|---|---|---|---|---|
| 20a._____ | _____ | $_____ | $_____ | $_____ | $_____ |
| _____ | | | | | |
| _____ | | | | | |
| 20b._____ | _____ | $_____ | $_____ | $_____ | $_____ |
| _____ | | | | | |
| _____ | | | | | |

**21. PERSONAL ASSETS**. List all personal assets below.  (If you need additional space, attach a separate sheet.)
*Furniture/Personal effects* includes the total current market value of your household such as furniture and appliances
*Other Personal Assets* includes all artwork, jewelry, collections, antiques or other assets

| | Description | Current Value | Loan Balance | Lender | Monthly Payment | Date of Final Pymt |
|---|---|---|---|---|---|---|
| 21a. | Furniture/Personal Effects | $_____ | $_____ | | $_____ | _____ |
| | Other: (List below) | | | | | |
| 21b. | Artwork | $_____ | $_____ | | $_____ | _____ |
| 21c. | Jewelry | $_____ | $_____ | | $_____ | _____ |
| 21d. | _____ | $_____ | $_____ | | $_____ | _____ |
| 21e. | _____ | $_____ | $_____ | | $_____ | _____ |

## Section 7
continued

**22. BUSINESS ASSETS.** List all business assets and encumbrances below, include Uniform Commercial Code filings.  (If you need additional space, attach a separate sheet.)  *Tools used in Trade or Business* includes the basic tools or books used to conduct your business, excluding automobiles.  *Other Business Assets* includes machinery, equipment, inventory or other assets.

| | Description | Current Value | Loan Balance | Lender | Monthly Payment | Date of Final Pymt |
|---|---|---|---|---|---|---|
| 22a. | Tools used in Trade/ Business | $_____ | $_____ | _____ | $_____ | _____ |
| | Other: (List below) | | | | | |
| 22b. | Machinery | $_____ | $_____ | _____ | $_____ | _____ |
| 22c. | Equipment | $_____ | $_____ | _____ | $_____ | _____ |
| 22d. | _____ | $_____ | $_____ | _____ | $_____ | _____ |
| 22e. | _____ | $_____ | $_____ | _____ | $_____ | _____ |

## Section 8
Accounts/
Notes
Receivable

*Use only if needed*

**23. ACCOUNTS/NOTES RECEIVABLE.**  List all accounts separately, including contracts awarded, but not started.  (If you need additional space, attach a separate sheet.)

| | Description | Amount Due | Date Due | Age of Account |
|---|---|---|---|---|
| 23a. | Name_____ Address_____ City/State/Zip_____ | $_____ | _____ | ☐ 0-30 days ☐ 30-60 days ☐ 60-90 days ☐ 90+ days |
| 23b. | Name_____ Address_____ City/State/Zip_____ | $_____ | _____ | ☐ 0-30 days ☐ 30-60 days ☐ 60-90 days ☐ 90+ days |
| 23c. | Name_____ Address_____ City/State/Zip_____ | $_____ | _____ | ☐ 0-30 days ☐ 30-60 days ☐ 60-90 days ☐ 90+ days |
| 23d. | Name_____ Address_____ City/State/Zip_____ | $_____ | _____ | ☐ 0-30 days ☐ 30-60 days ☐ 60-90 days ☐ 90+ days |
| 23e. | Name_____ Address_____ City/State/Zip_____ | $_____ | _____ | ☐ 0-30 days ☐ 30-60 days ☐ 60-90 days ☐ 90+ days |
| 23f. | Name_____ Address_____ City/State/Zip_____ | $_____ | _____ | ☐ 0-30 days ☐ 30-60 days ☐ 60-90 days ☐ 90+ days |

**Add "Amount Due" from lines 23a through 23f = 23g $_____**

**Section 9**

Monthly Income and Expense Analysis

**If only one spouse has a debt, but both have income, list the total household income and expenses.**

**Total Income**

| Source | Gross monthly |
|---|---|
| 24. Wages (yourself) | $_____ |
| 25. Wages (spouse) | _____ |
| 26. Interest - Dividends | _____ |
| 27. Net Business Income | _____ |
| 28. Net Rental Income | _____ |
| 29. Pension/Social Security | _____ |
| 30. Pension/Social Security (Spouse) | _____ |
| 31. Child Support | _____ |
| 32. Alimony | _____ |
| 33. Other | _____ |
| **34. Total Income** | $_____ |

**Total Living Expenses**

| Expense Items[1] | Actual Monthly |
|---|---|
| 35. Rent/Mortgage | $_____ |
| 36. Electric | _____ |
| 37. Natural Gas | _____ |
| 38. Cable TV | _____ |
| 39. Telephone | _____ |
| 40. Water | _____ |
| 41. Food | _____ |
| 42. Car Payment | _____ |
| 43. Gasoline | _____ |
| 44. Car Insurance | _____ |
| 45. Cell Phone/Pager | _____ |
| 46. Other Utilities | _____ |
| 47. Clothing & Misc. | _____ |
| 48. Health Care | _____ |
| 49. Court Ordered Payments | _____ |
| 50. Child/Dependant Care | _____ |
| 51. Life Insurance | _____ |
| 52. Other secured debt | _____ |
| 53. Other expenses | _____ |
| 54. Education Expenses | _____ |
| **55. Total Living Expenses** | $_____ |

☞ **ATTACHMENTS REQUIRED**: Please include;

- A copy of your last Form 1040 with all Schedules
- Proof of all current expenses that you paid for the last 3 months, including utilities, rent, insurance, property taxes, etc.
- Proof of all non-business transportation expenses (e.g car payments, lease payments, fuel, oil, insurance, parking, registration)
- Proof of payments for health care, including health insurance premiums, co-payments and other out-of-pocket expenses
- Copies of any court order requiring payment and proof of such payments for the past 3 months

---

| **CERTIFICATION** |
|---|
| I declare that I have examined the information given in this statement and, to the best of my knowledge and belief, it is true, correct, and complete, and I further declare that I have no assets, owned either directly or indirectly, or income of any nature other that as shown in this statement, including any attachment. |

_____
Signature                                    Social Security No.                         Date

| **WARNING** |
|---|
| **False statements are punishable up to five years imprisonment, a fine of $250,000, or both pursuant to 18 U.S.C. §1001.** |

---

[1]Expenses generally not allowed: We generally do not allow you to claim tuition for private schools, public or private college expenses, charitable donations, voluntary retirement contributions, payments on unsecured debts such as credit card bills and other similar expenses. However, we may allow these expenses, if you can prove that they are necessary for the health and welfare of you or your family.